BLAND, Associate Judge (dissenting).

**In re De LANY.**

**Patent Appeal No. 2569.**

Court of Customs and Patent Appeals.
Feb. 3, 1931.

Nelson J. Jewett, of Washington, D. C. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office rejecting claim 9 of appellant's application on the ground that said claim is not readable on appellant's disclosure and that it is unpatentable over the prior art. The appealed claim reads as follows:

"In a reciprocating engine, two pistons adapted to reciprocate in opposite directions, a space between the said pistons, an open ended cylinder in which said pistons work, two crank shafts to which the pistons are respectively connected, means to prevent relative movement between the crank shafts, the arrangement being such that one of the cranks is approximately at right angles to its connecting rod when the two pistons are nearest to each other."

The references relied upon are: Reardon, 604415, May 24, 1898; Pratt, 689745, December 24, 1901; Manz, 954982, April 12, 1910; Crew, 1126713, February 2, 1915; Jackson, 1191311, July 18, 1916.

The application of appellant discloses a reciprocating engine having two pistons adapted to reciprocate inside an open ended cylinder; the pistons being connected to cranks or shafts by connecting rods. To prevent relative movement between the shafts or cranks, synchronized connecting rods are described. The essence of appellant's alleged invention, as stated in his specification, is "the provision of an engine in which the maximum cylinder pressure will act upon the crank at its position of greatest torque."

Appellant's application was filed May 23, 1924. It appears that a patent for the same alleged invention was allowed to one James Shearer on October 11, 1927, upon an application filed December 31, 1924. This patent being allowed while appellant's application was pending, it was inadvertently issued. Appellant adopted the claim of the Shearer patent, and presented it in an amendment to his application three days after the Shearer patent was granted, requesting an interference with the Shearer patent. The Primary Examiner held that said claim did not read upon appellant's disclosure, and also that it was anticipated by prior patents.

Appellant, in his brief, gives what purports to be a statement of certain proceedings had with reference to a proposed declaration of interference, but, as such proceedings do not appear in the record, we cannot consider them, even if relevant to the issues in this case. However, from appellant's statement in his brief, we do not see that such proceedings are in any way relevant to the question before us.

Appellant took an appeal from the decision of the Primary Examiner to the Board of Appeals, which tribunal affirmed the decision of the Examiner, both upon the ground of lack of disclosure and anticipation by prior patents.

The first question presented is the finding of the tribunals of the Patent Office that appellant's claim does not read upon his disclosure as set out in his specification. This depends upon the construction to be given to the phrase "approximately at right angles" in that part of the claim reading as follows:

" * * * The arrangement being such that one of the cranks is approximately at right angles to its connecting rod when the two pistons are nearest to each other."

It appears that, according to appellant's specification and drawings, at the point where the two pistons are nearest to each other, the angle between one of the cranks and its connecting rod is 116°, and it is contended by the Solicitor for the Patent Office that this is so far from a right angle that the word "approximately" cannot include it. Appellant contends that the patent to Shearer, from which the claim in issue is copied, has an even greater angle at the point mentioned, and yet the Patent Office held that Shearer's specification did support the claim. The construction of the word "approximately," when considered in connection with appellant's disclosure in his specification, presents a difficult question; but, for the purposes of this case, in view of the conclusion which we have reached, we may assume, without deciding, that the claim does read upon appellant's disclosure in his specification.

The second ground of rejection by the tribunals of the Patent Office is that the invention covered by the claim was anticipated by the references cited. Upon this point, the Board of Appeals said:

"As to the rejection of the claim on the prior art, the patents to Jackson, Crew and Pratt all have the same object in view as the appellant and Shearer, but instead of using a crank shaft at each end of the cylinder they use a single crank shaft and operate the further piston by side connecting rods. The object in view is well stated on page 3, lines 23–38 of Jackson's specification. An engine of this type is the equivalent of one in which a second crank shaft is used at the other end of the cylinder with connections to cause the cranks to rotate in unison, such arrangement being shown in Manz or Reardon. The brief questions whether it would be possible without considerable study to arrange the cranks in such an engine, when the cranks are of equal length, so that the desired result can be effected. There is no difficulty at all in doing so as it is only necessary to draw the right hand crank and its connecting rod at a right angle, with the pistons at their nearest possible point and locate the left hand crank 90° behind the other in its rotation, as disclosed in Jackson. It makes no difference whether the cranks are of the same or equal length, as it means only that one piston has a longer traverse. Jackson prefers to make them unequal for the reason given on page 3, lines 86–91.

"We find nothing patentable in claim 9 over the art cited and the decision of the Examiner is affirmed on both grounds."

We are fully in accord with the views expressed in the language quoted above. Lines 23–38 on page 3 of Jackson's specification, cited by the board in its opinion, read as follows:

"It is one of the characteristic features of my improved engine that the theoretical maximum explosion pressure on the pistons is reached approximately at a time when one of the cranks, to wit, the crank 30 as herein shown, approaches a position to exert its greatest power to rotate the crank shaft, and the relation of the crank travel and high compression to the crank 30 is such that the pressure continues to act with high efficiency up-on said crank 30 while it is moving through the arc of its rotary travel in which its most effective lever arm is presented to rotate the crank shaft, or from slightly beyond the position shown in Fig. 6 to about that shown in Fig. 8."

The Board of Appeals, in that part of its decision quoted, has made it so clear that appellant's device lacks invention that nothing further need be said upon that subject.

Appellant contends that it is not only the settled rule of patent practice that, in cases of doubt as to patentability, the doubt should be resolved in favor of the applicant, but that where, in a case such as the one before us, the claim has already been allowed in a patent, with which patent appellant seeks an interference, appellant's claim should be allowed, unless it is absolutely anticipated, leaving no possibility of an opposite opinion, and cites in support of this contention the decision of this court in the case of In re Engelhardt, 40 F. (2d) 760, 762, 17 C. C. P. A. 1244. In that case, which presented a very extraordinary situation, as will appear from the opinion, we said:

"Of course we must find that the Board of Appeals erred in its decision before we can reverse it. The fact that strong equities may exist in favor of appellant does not justify us in finding error where none exists, but we think it is proper for us to consider these facts in determining the weight to be given to the fact that all of the tribunals of the Patent Office concurred in finding lack of patentability in appellant's claims. We have a right to consider that a patent has been issued by the Patent Office, a patent covering the very claims here in issue, that such patent is beyond recall by it, and that it will be considered in any court as presumptively valid."

Before we would be justified in finding error upon the part of the Board of Appeals in finding that the invention covered by appellant's claim was anticipated by the references relied upon, we must be in doubt as to the applicability of such references. We have no such doubt, and therefore, although a patent upon the same claim has been granted to Shearer, the decision of the Board of Appeals must be affirmed.

Affirmed.